FILED

NOT FOR PUBLICATION

SEP 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: HAWAIIAN AND GUAMANIAN CABOTAGE ANTITRUST LITIGATION,<br><br>_____<br><br>ACUTRON, INC; VERSA DOCK HAWAII LLC; 50TH STATE DISTRIBUTORS, INC, D/B/A Santa's Christmas Trees; NEXT TRANSPORTATION, LLC; WINKLER WOODS LLC, Winkler Woods LLC Individually and on Behalf of All Others Similarly Situated; SJ VENTURE GROUP LLC, on behalf of itself and all others similarly situated doing business as Pacific Imports International; TJ GOMES TRUCKING COMPANY INC; ALOHA AGRICULTURAL CONSULTANTS INC., dbaNiu Nursery; BLUEWATER MARINE & DOCK SPECIALTIES, INC.; HONOLULU HARDWOODS, INC.; JEANNE THOMAS,<br><br>        Plaintiffs - Appellants,<br><br>   v.<br><br>MATSON NAVITGATION CO INC; | No. 10-36165<br><br>D.C. No. 2:08-md-01972-TSZ<br><br>MEMORANDUM* |

_____

        *This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ALEXANDER & BALDWIN INC;
HORIZON LINES, LLC; HORIZON
LINES INC; HORIZON LINES
HOLDING CO; HORIZON LOGISTICS,
LLC; CROWLEY MARITIME
CORPORATION; SEA STAR LINES,
LLC; TRAILER BRIDGE, INC.; JOHN
DOES, I-X; CROWLEY LINER
SERVICES, INC.,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted August 31, 2011
Seattle, Washington

Before: MCKEOWN and HAWKINS, Circuit Judges, and SEDWICK,[**] District
Judge.

Appellants Acutron, Inc.; 50th State Distributors, Inc.; Next Transportation,

LLC; Winkler Woods, LLC; SJ Venture Group, LLC; TJ Gomes Trucking

Company, Inc.; Aloha Agricultural Consultants, Inc.; Bluewater Marine & Dock

Specialties, Inc.; Honolulu Hardwoods, Inc.; and Jeanne Thomas (collectively

"Shippers") appeal the dismissal of their antitrust claims against Matson

Navigation Co. ("Matson") and Horizon Lines, LLC, Horizon Lines, Inc., and

[**]The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

-2-

Horizon Lines Holding Corp. ("Horizon"; collectively "Carriers") pursuant to Rule 12(b)(6). Shippers argue that the district court wrongly determined that the filed rate doctrine bars their antitrust claims for treble damages.

Shippers ship goods from the contiguous United States to Hawaii and Guam and between Hawaii and Guam. Matson and Horizon are carriers with a virtual duopoly on domestic ocean trade involving Hawaii and Guam. Shippers allege that Matson and Horizon conspired to fix rates, implement collusive fuel surcharges, and engage in other anti-competitive conduct. In May 2008, Shippers filed separate suits in several districts, asserting antitrust claims under the Sherman Act (15 U.S.C. §§ 1, 3) and the Clayton Act (15 U.S.C. §§ 15, 26). The cases were transferred to the Western District of Washington and consolidated. The district court dismissed Shippers' Consolidated Amended Complaint ("CAC") pursuant to Federal Rule 12(b)(6). Shippers filed a Second Amended Consolidated Complaint ("SACC"), which asserted that certain tariffs filed by Carriers were defective and identified shipments of items that were exempt from rate filing requirements. The district court dismissed the SACC with prejudice, concluding that the filed rate doctrine precluded Shippers' claims and that amendment would be futile.

The filed rate doctrine bars damages actions under federal antitrust laws challenging rates authorized by an administrative agency. The doctrine originated in Keogh v. Chicago & N.W. Ry. Co., 260 U.S. 156 (1922) and was reaffirmed in Square D Co. v. Niagara Frontier Tariff Bureau, 476 U.S. 409 (1986). Both Keogh and Square D involved rates filed with the Interstate Commerce Commission ("ICC") pursuant to the Interstate Commerce Act. The filed rate doctrine has also been applied in the context of the Natural Gas Act, see Ark. La. Gas Co. v. Hall, 453 U.S. 571 (1981), the Federal Power Act, see Nantahala Power & Light Co. v. Thornburg, 476 U.S. 953 (1986), the Communications Act, see AT & T v. Cent. Office Tel. Inc., 524 U.S. 214 (1998), and other federal statutes, see E. & J. Gallo Winery v. EnCana Corp., 503 F.3d 1027, 1033 (9th Cir. 2007).

The Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), Pub. L. No. 104-88, 109 Stat. 803, eliminated the ICC and transferred its regulatory authority to the Surface Transportation Board ("STB"). Under the ICCTA, regulatory authority over noncontiguous domestic trade was transferred from the Federal Maritime Commission to the STB.

Carriers in noncontiguous domestic trade are required to file their rates with the STB. 49 U.S.C. § 13702(b)(1). The rates must be reasonable. Id. § 13701(a)(1)(B). If the STB "finds it necessary to stop or prevent" an

unreasonable rate, it has authority to prescribe the applicable rate. Id. § 13701(b). The STB "may" choose to exercise this authority through a complaint process. Id. § 13701(c), (d)(3).

The changes to the regulatory scheme for carriers in noncontiguous domestic trade under the ICCTA were part of a legislative effort to deregulate certain industries. See DHX, Inc. v. Surface Transp. Bd., 501 F.3d 1080, 1082 (9th Cir. 2007). The question presented in this appeal is whether the filed rate doctrine bars private antitrust claims challenging rates in noncontiguous domestic trade.

In Gallo, we concluded that the filed rate doctrine barred challenges to market-based rates for natural gas that had been authorized by the Federal Energy Regulatory Commission ("FERC"). 503 F.3d at 1043. Like the STB, FERC exercised its authority to regulate rates by choosing not to require the filing of rates, but rather to monitor the rates through a complaint process. Id. at 1038. In applying the filed rate doctrine, we rejected the argument that only literal filing of rates bars claims for treble damages. Id. at 1040, 1042 n.12. The STB's regulation of rates in noncontiguous domestic trade parallels FERC's regulation of natural gas rates in Gallo.

Gallo forecloses Shippers' argument that the filed rate doctrine does not bar claims based on rates charged for items excepted from the ICCTA's filing

requirements. The case similarly dispels Shippers' contentions that meaningful agency review is a prerequisite to application of the filed rate doctrine, so long as the agency has not "abdicated its rate-making authority," id. at 1040, which the STB has not done.

Shippers' argue that Carnation Co. v. Pac. Westbound Conference, 383 U.S. 213 (1966) and Ting v. AT &T, 319 F.3d 1126 (9th Cir. 2003) support their position that rates must be filed in order to trigger the filed rate doctrine. However, Carnation dealt with antitrust immunity, not merely preclusion of private antitrust claims for treble damages–the defendants' argument in that case was that a federal statute conferred such immunity by implication. Id. at 217. Carnation has no bearing on the applicability of the filed rate doctrine in the present case. See Square D, 476 U.S. at 422 n.29 ("The specific Keogh holding . . . was not even implicated in Carnation . . . because the ratemaking agreements challenged in that case had not been approved by, or filed with, the Federal Maritime Commission.") (internal citation omitted). Ting involved long distance telephone rates under a revised regulatory regime in which the Federal Communications Commission eliminated rate filing requirements. See Gallo, 503 F.3d 1042 (discussing the limited authority of the FCC involved in Ting).

-6-

Shippers argue that rates falling within the statutory zone of reasonableness are outside the STB's jurisdiction and therefore subject to private antitrust claims. See 49 U.S.C. § 13701(d)(1), (d)(3) ("The Board shall determine whether any rate . . . not within the [zone of reasonableness] is reasonable if a complaint is filed."). The primary problem with this argument is that Congress has conclusively deemed rates within the zone of reasonableness to be reasonable. Id. § 13701(d)(1). Moreover, Congress is presumptively aware of the filed rate doctrine. See Square D, 476 U.S. at 420 ("Congress must be presumed to have been fully cognizant of this interpretation of the statutory scheme"). Contrary to Shippers' contention, there is nothing to suggest that those aggrieved are unable to challenge the underlying rates before the STB through the complaint process.

Shippers argue that the filed rate doctrine does not preclude claims based on defective rates. Shippers rely primarily on Sec. Servs., Inc. v. K Mart Corp., 511 U.S. 431 (1994). K Mart does not affect the defensive application of the filed rate doctrine in the case at bar. The requirement that carriers charge and shippers pay the filed rate is intended to promote fairness and eliminate discriminatory pricing. Maislin Indus. v. Primary Steel, Inc., 497 U.S. 116, 127–28 (1990). However, the primary justification for defensive use of the filed rate doctrine–deference to administrative agencies–is furthered by application of the doctrine even where a

filed tariff is defective. That is so even if an administrative agency suspends literal filing requirements.

Shippers also rely on Florida Mun. Power Agency v. Florida Power & Light Co., 64 F.3d 614 (11th Cir. 1995), in which the Eleventh Circuit read K Mart to bar the defensive filed rate doctrine when a carrier "in effect . . . had no rates on file." Id. at 616. That case, however, rests on the premise–rejected by this circuit in Gallo–that rates must be literally filed to trigger application of the filed rate doctrine. See Gallo, 503 F.3d at 1040. Shippers' reliance on Wileman Bros. & Elliot, Inc. v. Giannini, 909 F.2d 332 (9th Cir. 1990) and Brown v. Ticor Title Ins., 982 F.2d 386 (9th Cir. 1992) is also unavailing. Those cases involved regulatory schemes entirely different from the regulatory scheme here.

Finally, Shippers argue that the ICCTA's savings clause renders the filed rate doctrine inapplicable. That clause states that "the remedies provided under this part are in addition to remedies existing under another law or common law." 49 U.S.C. § 13103. As noted by the district court, Keogh and Square D were decided despite a substantially identical savings clause in the ICA. Appellants cite Fulfillment Servs. v. United Parcel Serv., 528 F.3d 614, 622 (9th Cir. 2008) for the proposition that private antitrust remedies should be available pursuant to the savings clause to the extent they do not conflict with the ICCTA. However, "[t]he

-8-

savings clause merely preserves the causes of action and remedies <u>that already</u> <u>existed</u>." <u>Id.</u> (emphasis added). Private antitrust claims for treble damages based on filed rates have been barred since <u>Keogh</u>.

Shippers' claims for treble damages are barred by the filed rate doctrine.

**AFFIRMED**.